IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN DONNELL MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-690-MN |
| ) | |
| THE STATE OF DELAWARE FAMILY ) | |
| COURT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kevin Donnell Murphy ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6)[1] Plaintiff commenced this action on June 3, 2024, in the District of Maryland. (D.I. 1) On June 12, 2024, the matter was transferred to the District of Delaware. (D.I. 5) On March 10, 2025, the matter was referred to the undersigned Magistrate Judge for screening purposes only. (D.I. 18) The court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the court recommends that the Complaint be **DISMISSED with prejudice**.

### I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff

---

[1] This case is one of four cases filed by *pro se* Plaintiff Kevin Donnell Murphy who has been granted leave to proceed *in forma pauperis* as follows: *Kevin Donnell Murphy v. The State of Delaware Family Court, et al.*, C.A. No. 24-690-MN (2024) ("*Murphy I*"); *Kevin Donnell Murphy v. The State of Delaware Family Court, et al.*, C.A. No. 24-717-MN (2024) ("*Murphy II*"); *Kevin Donnell Murphy v. Amy Anthony, et al.*, C.A. No. 24-849-MN (2024) ("*Murphy III*"); and *Kevin Donnell Murphy v. Kathleen Jennings*, C.A. No. 24-1246-MN (2024) ("*Murphy IV*"). The apparent issue in all of the suits is Plaintiff's objection to efforts undertaken to implement or enforce his alleged past due child support obligations.

sues the State of Delaware Family Court, as well as the Delaware Division of Child Support Services, for damages and injunctive relief relating to the revocation of his U.S. Passport. (D.I. 1) While not clear from the pleading, it appears that Plaintiff's U.S. Passport was revoked in furtherance of enforcement of his child support obligations. (*Id.* at 11) Plaintiff alleges constitutional and human rights violations under 42 U.S.C. § 1983, the Fifth Amendment, the Fourteenth Amendment, and the Universal Declaration of Human Rights, Article 13. (*Id.* at 10)

Plaintiff seeks $3,000,000 in compensatory damages, punitive damages, rescission of his U.S. passport suspension, and injunctive relief. (*Id.* at 13–14)

## II. LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly

sues the State of Delaware Family Court, as well as the Delaware Division of Child Support Services, for damages and injunctive relief relating to the revocation of his U.S. Passport. (D.I. 1) While not clear from the pleading, it appears that Plaintiff's U.S. Passport was revoked in furtherance of enforcement of his child support obligations. (*Id.* at 11) Plaintiff alleges constitutional and human rights violations under 42 U.S.C. § 1983, the Fifth Amendment, the Fourteenth Amendment, and the Universal Declaration of Human Rights, Article 13. (*Id.* at 10)

Plaintiff seeks $3,000,000 in compensatory damages, punitive damages, rescission of his U.S. passport suspension, and injunctive relief. (*Id.* at 13–14)

## II. LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly

sues the State of Delaware Family Court, as well as the Delaware Division of Child Support Services, for damages and injunctive relief relating to the revocation of his U.S. Passport. (D.I. 1) While not clear from the pleading, it appears that Plaintiff's U.S. Passport was revoked in furtherance of enforcement of his child support obligations. (*Id.* at 11) Plaintiff alleges constitutional and human rights violations under 42 U.S.C. § 1983, the Fifth Amendment, the Fourteenth Amendment, and the Universal Declaration of Human Rights, Article 13. (*Id.* at 10)

Plaintiff seeks $3,000,000 in compensatory damages, punitive damages, rescission of his U.S. passport suspension, and injunctive relief. (*Id.* at 13–14)

## II.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly

baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

3

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

The named Defendants are immune from suit. The Family Court of the State of Delaware is a state entity, and the Division of Child Support Services is an agency of the State of Delaware. "Absent a state's consent, the [E]leventh [A]mendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239–40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity); *see also Trammell v. Court of Common Pleas Sussex County Courthouse*, 2016 WL 7107224 (D. Del. Dec. 5, 2016). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against ... agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).

Moreover, the claim is frivolous. Plaintiff's claim centers on the alleged unauthorized revocation of his U.S. Passport, which he asserts contravenes federal law. (*See* D.I. 1-2 at 2–3) His claim is indisputably meritless because the Passport Denial Program, established under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, codified at 42 U.S.C. § 652(k), restricts passport issuance to individuals with significant child support arrears. Thus, the statute provides that if the United States Department of State receives an appropriate certification by a state agency that an individual owes past-due child support in an amount exceeding $2,500, the Secretary of State may revoke a passport previously issued to such individual. 42 U.S.C. § 652(k).

To the extent Plaintiff intended to have this court review a Delaware Family Court proceeding that concluded in a manner adverse to him, this court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine, which bars this court from reviewing final judgments of State courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (holding that the *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Accordingly, the court finds that the amendment of the complaint would be futile given the codification of the U.S. passport denial program at 42 U.S.C. § 652(k), Delaware's sovereign

immunity under the Eleventh Amendment, and the *Rooker-Feldman* doctrine. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, I recommend that the Complaint be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). The failure of Plaintiff to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The Plaintiff is directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 3, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE